# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ATLANTIC SPECIALTY INSURANCE COMPANY,**

        **Plaintiff,**

**v.**                                             **Case No:   6:16-cv-1751-Orl-31KRS**

**SERGEY PASTUKOV,**

        **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 76) filed by the Defendant, Sergey Pastukov ("Pastukov"), and the response in opposition (Doc. 82) filed by the Plaintiff, Atlantic Specialty Insurance Company ("Atlantic"). Pastukov seeks reconsideration of this Court's order (Doc. 71) of January 26, 2018, denying his motion for summary judgment (henceforth, the "Order").

### I.   Legal Standard

The federal rules do not specifically provide for the filing of a "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2810.1 (3d ed.). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly. *U.S. v. Bailey,* 288 F.Supp.2d 1261, 1267 (M.D. Fla. 2003). A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. *Union Planters Nat. Leasing, Inc. v.*

*Woods*, 687 F.2d 117, 121 (5th Cir. 1982). The decision to alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992). Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1990).

Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2810.1 (3d ed.).

Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). Where a party attempts to introduce previously unsubmitted evidence in support of a motion to reconsider, the party must make some showing that the evidence previously was unavailable. *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) (citing, inter alia, *Engelhard Indus. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963), cert. denied, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964)). To avoid repetitive arguments on issues already considered fully by the court, rules

governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp. 198 (S.D. N.Y. 1996).

**II.   Analysis**

Pastukov presents four main arguments why the Court should reconsider its order denying his motion for summary judgment. Each is considered in turn below. Familiarity with the underlying order is assumed.

Pastukov first argues that the Court erred by considering extrinsic evidence before making a finding as to whether the Certificate of Insurance ("COI") was ambiguous regarding his eligibility for coverage as a "Contract Driver," as that term was defined in the COI. Initially, Pastukov argued that the COI was ambiguous because the first page showed him as having coverage[1] while the eligibility requirements found elsewhere in the COI were such that National Shipping could not qualify as an Independent Owner-Operator, which precluded Pastukov from being able to qualify as a Contract Driver.

Though it is not entirely clear from Pastukov's latest motion, it appears that the "extrinsic evidence" that was allegedly (and improperly) considered was Pastukov's application, which the Court referred to in resolving the eligibility issue.[2] Assuming this to be the case, Pastukov's argument fails. As noted in the order, the eligibility language in the COI was not ambiguous, despite the fact that Pastukov was listed as covered on the first page of that document. Though the Court referred to it, the application did not affect the ambiguity determination.

---

[1] More particularly, a blank space on that page was filled in by the issuing entity with a description of Pastukov as a "Contract Driver" who was "Under Contract to Independent Owner-Operator: National Shipping Inc."

[2] In recounting how Pastukov ended up incorrectly described as a "Contract Driver" on the first page of the COI, the Court noted that he was incorrectly listed as a Contract Driver in his application.

Next, Pastukov argues that, contrary to the Court's determination in the order, the policy requirements as to his eligibility are provisions of forfeiture, which can be waived by the insurer, rather than provisions of coverage, which cannot. He notes, correctly, that the trucking accident that Pastukov was involved in is the type of risk covered by the policy. However, this does not resolve the issue. The problem for Pastukov is that he is not the type of truck driver who can be covered by this policy. The issue is therefore one of coverage, which cannot be waived by the insurer.

Those eligibility requirements are also the subject of Pastukov's third argument, which is that in noting that Pastukov's application incorrectly described him as meeting the requirements to be a contract driver, the Court improperly imputed knowledge to him of those requirements and relieved Atlantic of its duty to inform him of same – meaning Atlantic cannot deny him coverage for not meeting those requirements. However, the cases he cites for these propositions are not on point.

He contends that the court in *Liberty Mut. Ins. Co. v. Sommers*, 472 So. 2d 522 (Fla. 1st DCA 1985) held that "when the insurance application does not inform the prospective insured of the terms contained within the policy and insured has no other way of knowing that they exist, the insurance company is estopped from invoking those terms to deny coverage." (Doc. 76 at 14). This is an incorrect reading of that opinion. *Sommers* was an apparent authority case involving a dispute over the effective date of coverage. *Sommers* at 524. The agent had told an insured that worker's compensation coverage would take effect on a certain date (and listed that effective date on the COI) even though the language of the Florida Workers' Compensation Insurance Plan required a later effective date. *Id.* at 523-24. At issue was whether the insurers participating in that plan had given agents the apparent authority to pick an earlier effective date. *Id.* at 524. The

*Sommers* court did not consider (and certainly did not hold) that insurers have a duty to inform potential insureds ahead of time of every term of a policy not contained in the application, and any failure to do so estops them from ever relying on those terms.[3]

Pastukov also cites *Lloyds Underwriters at London v. Keystone Equipment Finance Corp.*, 25 So. 3d 89 (Fla. 4th DCA 2009), as holding that insurers have such a duty. (Doc. 76 at 14). Again, the *Keystone Equipment* court did not consider whether such a duty existed. Instead, *Keystone Equipment* was a detrimental reliance case involving a provision of forfeiture – specifically, whether the insured's failure to keep his vehicle inside a garage, as required by the policy, could be used to deny a theft claim. For several reasons, the *Keystone Equipment* court found that Lloyds had not notified the insured of this requirement and was estopped from denying the claim. *Id.* at 95. But this is not a detrimental reliance case, and the issue of Pastukov's eligibility is one of coverage rather than one of forfeiture, and therefore *Keystone Equipment* does not aid Pastukov. The remaining cases he cites on this point are similarly deficient.

Finally, Pastukov admits he did not assert an affirmative defense of waiver in his answer, but he argues that some of the allegations made at different points in his counterclaim, when taken together, should have put the Atlantic Specialty on notice that he intended to make that argument. Having reviewed Pastukov's motion, and the relevant pleading, the Court finds that the allegations in the counterclaim were not sufficient to put Atlantic on notice of waiver or estoppel defense. In the alternative, he argues that he should be allowed to amend his counterclaim pursuant to Rule 15 to raise the issue. However, the Court does not find that justice requires permitting such an amendment. Pastukov has had a fair opportunity to argue his case, and he presents no

---

[3] Even if this were the law, Pastukov has not pointed to anything in the record showing that he (or his employer, which appears to have handled the application for him) was in the dark regarding whether he satisfied the requirements to be a Contract Driver.

justification for failing to raise this point until summary judgment. Moreover, as noted above, the eligibility issue cannot be waived (because it is a provision of coverage, not one of forfeiture), making the amendment futile. The Court has considered the remaining points raised by Pastukov and finds that they do not warrant discussion.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 76) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 20, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party